## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **Jason Pulley,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:23cv846 (RDA/JFA) |
| | ) | |
| **George Zoley,** *et al.*, | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION

Jason Pulley ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Dkt. No. 1. In his complaint, Plaintiff alleged that Defendants George Zoley and Harold W. Clarke violated his Eighth Amendment rights on October 13, 2022 while he was detained at the Virginia Department of Corrections' ("VDOC") Lawrenceville Correctional Center ("Lawrenceville"). Specifically, each failed to protect him from an attack by another inmate due to a faulty lock on Plaintiff's cell door and inadequate supervision. *Id.* at 5-6. Defendant Clake has moved to dismiss or, alternatively, for summary judgment. Dkt. No. 17. Defendant Zoley has moved to dismiss. Dkt. No. 20. Plaintiff has been afforded the opportunity to file responsive materials to Defendant Harris's motion to dismiss pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and he responded. Dkt. Nos. 22, 24, 25. Accordingly, this matter is now ripe for disposition. For the reasons that follow, Defendants Clarke's and Zoley's motions to dismiss will be granted, and Defendant Clarke's alternative motion for summary judgment will be denied as moot. Plaintiff's motion to dismiss Defendant Clarke's motion for summary judgment will also be denied as moot.

## I. Complaint

Plaintiff alleges that, on October 13, 2022, "at about 7:00 p.m.," another inmate, Alton Lacey, attacked him while he was asleep in "Pod 32, cell 115" at Lawrenceville. Dkt. No. 1 at 4. Plaintiff asserts that a videotape of the incident shows Lacey "manipulating the faulty locking mechanism" on Plaintiff's cell door. *Id.* Once inside, Lacey stabbed Plaintiff several times in the "head, neck, arm, back, arm and nearly bit [Plaintiff's] ear off." *Id.* During the attack, Plaintiff called for help but due to "inadequate supervision no officer was around to hear him," and Plaintiff lost consciousness due to loss of blood. *Id.* at 5. After the attack, Plaintiff was "rushed to the hospital," and his wounds required "18 stitches in his right ear" and "3 staples in his head." *Id.* After investigation, Lacey was charged with aggravated assault. *Id.* at 4.

Each defendant is sued in his official and individual capacities. Plaintiff alleges that Defendant George Zoley was the CEO of GEO Group Inc. at all relevant times and supervised or managed the operations of all GEO Group Inc.-operated facilities. Plaintiff alleges that Defendant Harold W. Clarke was the director of the VDOC at all relevant times and was responsible for the safety of inmates as well as the safety of others with whom an inmate comes in contact with during his period of incarceration. *Id.* at 5. Plaintiff alleges three claims against each Defendant:

1) "The failure of George Zoley and Harold W. Clark to provide adequate supervision of inmates constituted deliberate in difference to the plaintiff's and others saf[et]y and contributed to and proximately caused the above-described violation of Eighth Amendment rights."

2) "The failure of George Zoley and Harold W. Clark to maintain locks in working order constituted deliberate indifference to the plaintiff's saf[et]y and others saf[et]y and contributed to and proximately caused the above-described violation of Eighth Amendment rights."

3) "The failure of George Zoley and Harold W. Clark to take corrective action in response to high rates of assaults or to particular patterns of assaults constituted deliberate indifference to the plaintiff's saf[et]y and others saf[et]y and contributed to and proximately caused the above-described violation of Eighth Amendment rights."

2

*Id.* at 6.

## II. Standard of Review

A motion to dismiss tests whether a complaint states a cause of action upon which relief can be granted. Whether a complaint sufficiently states a claim is determined by "the familiar standard . . . under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Accordingly, a plaintiff's alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's allegations must "raise a right to relief above the speculative level," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. *Id.*

In addition, a complaint filed by a prisoner proceeding *pro se* must be construed liberally regardless of how unskillfully it is pleaded. *Haines v. Kerner*, 404 U.S. 519, (1972). A *pro se* litigant is therefore not held to the strict pleading requirements demanded of attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976); *Figgins v. Hudspeth*, 584 F.2d 1345 (4th Cir. 1978).

### III. Analysis

Liberally construing the complaint in the light most favorable to Plaintiff, Plaintiff alleges that Defendants Clarke and Zoley were deliberately indifferent to his Eight Amendment rights in three ways. First, each failed to ensure adequate supervision of inmates, which proximately caused his injuries; failed to maintain locks on his cell door in working order, which "contributed to and proximately caused" his injuries; and failed to "take corrective action in response to high rates of assaults or to particular patterns of assaults." Here, each Defendant moves to dismiss for failure to state a claim and failure to state a claim of supervisory liability.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832. To state a colorable claim for the violation of these duties, the prisoner must show that prison officials were deliberately indifferent to serious threats to his safety. *Id.* at 834. To show that a prison official was deliberately indifferent to a serious threat to the prisoner's safety, the prisoner must plead true facts that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of *facts* from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837 (emphasis added). Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id.* at 843.

4

It is generally understood that "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Thus, "[a]ny time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates . . . ." *Westmoreland v. Brown*, 883 F. Supp. 67, 74 (E.D. Va. 1995). Accordingly, a baseline risk of assault inherent to prison life cannot support an Eighth Amendment claim, *see Grieveson v. Anderson*, 538 F.3d 763, 776-77 (7th Cir. 2008), and a general risk of violence in prison does not by itself establish that a defendant actually knew about a serious risk of harm, *see Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011); *Dale*, 548 F.3d at 569. A defendant cannot be held liable simply because he knew of a "mere possibility" violence would occur; he had to have been alerted to the fact there was a "strong likelihood" of harm. *See Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

In evaluating a claim based upon assault by another inmate, the Fourth Circuit has interpreted *Farmer*'s deliberate indifference standard to require that a

> prison official must have both "subjectively recognized a substantial risk of harm" and "*subjectively recognized that his actions were 'inappropriate in light of that risk.*'" [*Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294,] 303 [(4th Cir. 2004)] (emphasis added) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk")); *see also Cox* [*v. Quinn*, 828 F.3d [227,] 236 [(4th Cir. 2016)] ("[I]n addition to subjectively recognizing that substantial risk, the prison official must also subjectively be aware that 'his actions were inappropriate in light of that risk'").

*Anderson v. Kingsley*, 877 F.3d 539, 545 (4th Cir. 2017). "A defendant is not subjectively reckless where, although he is aware of the existence of a general risk, he is unaware that his conduct is inappropriate in light of that risk." *Rich*, 129 F.3d at 340; *see also Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) ("[N]ot every injury suffered by a prisoner at the hands of another 'translates into constitutional liability for prison officials responsible for the victim's safety.'" (quoting *Farmer*, 511 U.S. at 832)). The Seventh Circuit's interpretation of *Farmer* is similar.

5

> [A] prison official does not violate the Eighth Amendment every time an inmate gets attacked by another inmate. Prisons, after all, are dangerous places often full of people who have demonstrated aggression. And so, an inmate has no claim "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 837). *Dale* further observed that "as the vagueness of a threat increases, the likelihood of actual knowledge of impending harm decreases. So, too, does the official's ability to respond." *Id.*; *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (observing that "[i]n order to infer callous indifference when an official fails to protect a prisoner from the risk of attack, there must be a strong likelihood rather than a mere possibility that violence will occur" (internal quotation marks and citation omitted)); *Westmoreland*, 883 F. Supp. at 74 ("The fact that there were as many as 2.5 reported assaults per day in January does not permit a conclusion that each of the more than 1300 inmates was subjected to constitutionally prohibited substantial risk of harm solely by virtue of his incarceration in the City Jail.").[1]

In addition, while a supervisor can be held liable for the constitutional injuries inflicted by their subordinates under some circumstances, "[l]iability in this context is not premised on respondeat superior, *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). As such, "'[a]ctual knowledge or awareness on the part of the alleged inflictor' is essential." *Adams v. Drew*, 906 F. Supp. 1050, 1060 (E.D. Va. 1995) (quoting *Brice v. Virginia Beach Correctional Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995)).

---

[1] The court in *Westmoreland* also noted that "[a]ny time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates." 883 F. Supp. at 74.

### *A. Defendant Clarke*

The complaint fails to allege facts that establish that Defendant Clarke knew of any substantial risk of assault to Plaintiff; that there were "faulty" locks on the cell doors; how long the locks had been faulty; who, if anyone, Plaintiff notified about the faulty locks; or who at Lawrenceville is allegedly responsible for maintaining the locks. Indeed, the complaint seeks to impose liability on Defendant Clarke simply by alleging that Clarke, as Director of the VDOC, is responsible for the safety of prisoners within the VDOC. Plaintiff does not allege facts that establish any personal involvement of Defendant Clarke in the maintenance of locks at Lawrenceville, much less knowledge that the locks were faulty; Defendant Clarke's supervision of VDOC staff inside "Pod 32" at Lawrenceville; that there is any factual basis to support Plaintiff's conclusory assertion that there was a "high rate[] of assaults or . . . particular patterns of assaults;" or that Defendant Clarke had any knowledge of the alleged rate or pattern of assaults at Lawrenceville. To be sure, Plaintiff does not even allege that the assaults or rate of assaults he bases his conclusory allegations on are related to Lawrenceville or, specifically, to Pod 32 where Plaintiff was housed.

A § 1983 complaint must allege facts indicating that the plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed, either acts or omissions, by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of the plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010); *see also Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual

7

was personally involved in the deprivation of his civil rights."); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury). Plaintiff has not stated a claim against Defendant Clarke with regard to the assault by Lacey on October 13, 2022. There are no allegations of fact that establish any personal involvement, actual knowledge, or indifference to or tacit authorization of subordinate misconduct by Defendant Clarke. Accordingly, Defendant Clarke's motion to dismiss will be granted.[2]

## B. Defendant Zoley

Defendant Zoley is alleged to be the person that "oversees" operations at GEO Group Inc. facilities and presumably is therefore somehow liable under § 1983 for the actions or omissions of Lawrenceville staff. As with Defendant Clarke, Plaintiff fails to allege facts that establish that Defendant Zoley knew of any substantial risk of assault to Plaintiff; that he knew there were "faulty" locks on the cell doors; that he knew how long the locks had been faulty; who, if anyone, Plaintiff notified about the faulty locks; or who at Lawrenceville is allegedly responsible for maintaining the locks. Plaintiff does not allege any facts that establish that Defendant Zoley had any personal involvement in the maintenance of locks at Lawrenceville, much less knowledge that the locks were faulty; or that he directly supervised staff at Lawrenceville, specifically "Pod 32." Nor does Plaintiff provide any factual basis to support his conclusory assertions regarding "high rates of assaults" or "patterns of assaults," much less that Defendant Zoley had any knowledge of the alleged rate or pattern of assaults at Lawrenceville. To be sure, Plaintiff does not even allege

---

[2] Because Plaintiff has failed to state a claim against Defendant Clarke, Defendant Clarke's alternative motion for summary judgment will be denied as moot. Likewise, Plaintiff's motion to dismiss Defendant Clarke's motion for summary judgment will be denied as moot as well.

that the assaults or rate of assaults he bases his conclusory allegations on are related to Lawrenceville or, specifically, to Pod 32 where Plaintiff was housed.

As is the case with Defendant Clarke, Plaintiff also does not allege any facts that show any personal involvement by Defendant Zoley in the alleged Eighth Amendment violations set forth in the complaint. There are no allegations of fact that establish any personal involvement, actual knowledge, or indifference to or tacit authorization of subordinate misconduct by Defendant Zoley. Accordingly, Defendant Zoley's motion to dismiss will be granted.

### C. Opportunity to Amend

The Fourth Circuit has indicated that where a plaintiff has not been afforded an opportunity to amend, and his complaint is dismissed because the "plaintiff fails to allege sufficient facts against a particular defendant to survive a Rule 12(b)(6) motion," *Alley v. Yadkin Cty. Sheriff Dep't*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016)), the dismissal should generally be without prejudice and the plaintiff afforded an opportunity to amend his complaint, *King*, 825 F.3d at 225; *see Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam) (holding that, if a *pro se* complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations). Accordingly, Plaintiff will be allowed leave to file an amended complaint to cure his deficiencies.

### IV. Conclusion

For the reasons outlined above, Defendants' motions to dismiss [Dkt. Nos. 17 and 20] will be granted, and Defendant Clarke's alternative motion for summary judgment [Dkt. 17] and Plainitiff's motion to dismiss Defendant Clarke's motion for summary judgment [Dkt. 25] will

each be denied as moot. The rulings will be granted through an Order that will issue alongside this Memorandum Opinion.

Entered this 20th day of August, 2024.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge