IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JASON PULLEY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:23cv846 (RDA/JFA) |
| ) | |
| GEORGE ZOLEY, *et al.*, ) | |
|     Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Jason Pulley ("Pulley" or "Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Dkt. No. 1. In his Complaint, Pulley alleged that George Zoley and Harold W. Clarke (collectively, the "Defendants") violated his Eighth Amendment rights on October 13, 2022, while he was detained at the Virginia Department of Corrections' ("VDOC") Lawrenceville Correctional Center ("Lawrenceville"). Specifically, Plaintiff alleges that Defendants failed to protect him from an attack by another inmate due to a faulty lock on Pulley's cell door and inadequate supervision. *Id.* at 5-6. Defendant Clake moved to dismiss, or in the alternative moved for summary judgment. Dkt. No. 17. Defendant Zoley moved to dismiss. Dkt. No. 20. Plaintiff filed responsive materials and pleadings pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).[1] Dkt. Nos. 22, 24, 25.

On August 20, 2024, the Court granted Defendants Clarke's and Zoley's motions to dismiss, dismissed Defendant Clarke's motion for summary judgment as moot, and denied

---

[1] The Court notes that in compliance with Local Rule 7(K), Defendants provided Plaintiff with the notice required pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See* Dkt. 7. A recent 4th Circuit decision, *Milla v. Brown*, 109 F.4th 222 (4th Cir. 2024), has cast doubt on whether Local Rule 7(K) satisfies *Roseboro*, and a revised Rule 7(K) has been proposed accordingly. This Court notes that Plaintiff responded to Defendants' Motions to Dismiss as set forth in Defendants' Roseboro notices, *see* Dkts. 24; 25, and therefore the Court does not view the *Milla* decision as an impediment to this Court issuing this order.

Pulley's motion to dismiss Defendant Clarke's motion for summary judgment as moot.[2] *See* Dkt. 38. In that Order, the Court granted Pulley leave to amend his complaint to cure the deficiencies noted in the Opinion within thirty (30) days. Dkt. No. 37 at 9. The time to file an amended complaint has long passed, and accordingly, the Court will dismiss this matter with prejudice.

The Court's August 20, 2024 Memorandum Opinion recognized that the Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), and that to state a colorable claim for the violation of these duties, the prisoner must show that prison officials were deliberately indifferent to serious threats to his safety, *id.* at 834, and show that a prison official was deliberately indifferent to a serious threat to the prisoner's safety by pleading that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." *Id.* at 837. "[T]he official must both be aware of *facts* from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* (emphasis added). Further, prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id.* at 843.

It is generally understood that "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). "Any time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates . . . ." *Westmoreland v. Brown*, 883 F. Supp. 67, 74 (E.D. Va. 1995). Accordingly, a baseline risk of assault inherent to prison life cannot support

---

[2] Defendant Clarke's and Defendant Zoley's motion to dismiss cited Federal Rule of Civil Procedure 12(b)(6), which permits a defendant to seek dismissal of a complaint based upon a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6).

an Eighth Amendment claim, *see Grieveson v. Anderson*, 538 F.3d 763, 776-77 (7th Cir. 2008), and a general risk of violence in prison does not by itself establish that a defendant actually knew about a serious risk of harm. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011); *Dale*, 548 F.3d at 569. Accordingly, a defendant cannot be held liable simply because he knew of a "mere possibility" violence would occur. A defendant had to have been alerted to the fact there was a "strong likelihood" of harm. *See Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

In addition, when evaluating a claim based upon assault by another inmate, the Fourth Circuit has interpreted *Farmer*'s deliberate indifference standard to require that a

> prison official must have both "subjectively recognized a substantial risk of harm" and "*subjectively recognized that his actions were 'inappropriate in light of that risk.*'" [*Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294,] 303 [(4th Cir. 2004)] (emphasis added) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk")); *see also Cox* [*v. Quinn*], 828 F.3d [227,] 236 [(4th Cir. 2016)] ("[I]n addition to subjectively recognizing that substantial risk, the prison official must also subjectively be aware that 'his actions were inappropriate in light of that risk'").

*Anderson v. Kingsley*, 877 F.3d 539, 545 (4th Cir. 2017). "A defendant is not subjectively reckless where, although he is aware of the existence of a general risk, he is unaware that his conduct is inappropriate in light of that risk." *Rich*, 129 F.3d at 340; *see Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) ("'not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety.'") (quoting *Farmer*, 511 U.S. at 832).

In addition, while a supervisor can be held liable for the constitutional injuries inflicted by their subordinates under some circumstances, "[l]iability in this context is not premised on respondeat superior, *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care."

*Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). "'Actual knowledge or awareness on the part of the alleged inflictor' is essential." *Adams v. Drew*, 906 F. Supp. 1050, 1060 (E.D. Va. 1995) (quoting *Brice v. Virginia Beach Correctional Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995)).

The Court found that the Complaint failed to allege facts that establish that either Defendant Clarke or Defendant Zoley knew of any substantial risk of assault to Plaintiff; that there were "faulty" locks on the cell doors; how long the locks had been faulty; who, if anyone, Plaintiff notified about the faulty locks; or who at Lawrenceville was responsible for maintaining the locks. The Complaint sought to impose liability on Defendant Clarke simply by alleging that Clarke, as Director of the VDOC, is responsible for the safety of prisoners within the VDOC. In a similar manner, Plaintiff sought to hold Defendant Zoley liable simply by alleging that he was the person that "oversees" operations at GEO Group Inc. facilities, and presumably is therefore somehow liable under Section 1983 for the actions or omissions of Lawrenceville staff.

A Section 1983 complaint, however, must allege facts indicating that the plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed, either acts or omissions, by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a Section 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *see also Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury). The Complaint did not state a claim against

either Defendant Clarke or Defendant Zoley with regard to the assault on Plaintiff by another inmate on October 13, 2022, and accordingly, the Court granted Defendants' motions to dismiss on August 20, 2024. *See* Dkt. 37; 38.

Recognizing that the Fourth Circuit has indicated where a plaintiff has not been afforded an opportunity to amend where his complaint is dismissed because he "fails to allege sufficient facts against a particular defendant to survive a Rule 12(b)(6) motion," *Alley v. Yadkin Cty. Sheriff Dep't*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016)), the Court dismissed the complaint without prejudice and afforded plaintiff an opportunity to amend his complaint. *King*, 825 F.3d at 225; *see Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam) (holding that, if a *pro se* complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations).

The time in which to file for filing an amended complaint has long passed and Plaintiff has not communicated with this Court regarding this matter since the entry of the August 20, 2024 Memorandum Opinion and the accompanying August 20 2024 order. *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013) ("a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.") (quoting *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013)).[3] The Complaint will therefore be dismissed with

---

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1142-43 (9th Cir. 2017) (failure to file an amended complaint does "not 'negate'" the determination already made by the court that the complaint failed to state a claim and a prisoner may not avoid incurring a strike simply by declining to take advantage of the opportunity to file an amended complaint).

prejudice.[4]

Accordingly, it is hereby

**ORDERED** that this civil action be and is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g)[5], this dismissal may affect Plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the

---

[4] Dismissal with prejudice is appropriate under the circumstances of this case. When a district court has found that a civil action fails to state a claim

> and "the district court already afforded [the plaintiff] an opportunity to amend," the Fourth Circuit has explained that "the district court has the discretion to afford [the plaintiff] another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice.'" *Smith v. Forrester*, No. 4:18cv3317, 2019 WL 1027932, at *2 (D.S.C. Feb. 6, 2019) (quoting *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. 2018)) (recommending dismissal of *pro se* action under 28 U.S.C. § 1915 with prejudice after plaintiff, despite receiving opportunity to amend, failed to state a claim upon which relief could be granted), *adopted by* 2019 WL 1022809 (D.S.C. Mar. 4, 2019); *see Gooden v. U.S. Navy/U.S. Marine Corps*, 791 F. App'x 411, 411 (4th Cir. 2020) (affirming the district court's dismissal of *pro se* action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)).

*United States ex rel. Angel v. Scott*, 697 F.Supp.3d 483, 494-95 (E.D. Va. 2023).

[5] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

6

plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed, pursuant to Fed. R. Civ. P. 58, to enter final judgment in favor of Defendants Clarke and Zoley; to send a copy of the Memorandum Opinion and Order to Plaintiff *pro se* and to all counsel of record; and to close this civil action.

Entered this 20 day of November, 2024.

Alexandria, Virginia

/s/
_____
Rossie D. Alston, Jr.
United States District Judge